881 F.2d 1077
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
EDWARD SELTZER, Defendant-Appellant.
 No. 89-3109.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1989.
 
 BEFORE: KEITH and GUY, Circuit Judges; and HULL, District Judge.*
 PER CURIAM.
 
 
 1
 In 1985, defendant, Edward Seltzer, was convicted of four counts of making false statements before a federal grand jury. 18 U.S.C. Sec. 1623. He was sentenced to an aggregate prison term of eighteen months. That conviction was affirmed by this court in United States v. Seltzer, 794 F.2d 1114 (6th Cir.1986), cert. denied, 479 U.S. 1054 (1987). After the Supreme Court denied certiorari, Seltzer filed a Federal Rule of Criminal Procedure 35(b) motion for reduction of sentence, which the district court denied on February 19, 1987. Seltzer did not begin serving his sentence, however, until April 27, 1987. The district judge subsequently decided to reconsider the rule 35(b) motion, and on October 27, 1987, filed an order reducing Seltzer's sentence to nine months. Prior to this motion being granted, the United States Parole Commission had already determined that no departure from the guidelines was warranted and that the defendant should serve twelve to eighteen months.
 
 
 2
 The government appealed the rule 35(b) sentence reduction and we reversed, finding that the district judge had abused his discretion in granting the reduction. United States v. Seltzer, No. 87-4049 (6th Cir. Sept. 12, 1988) (unpublished). We remanded the case because Seltzer had been released pursuant to the rule 35(b) order on November 19, 1987, and had an unexpired sentence to serve.
 
 
 3
 On remand, what should have been a very simple and expeditious proceeding apparently turned into a combination of a re-argument of the rule 35(b) motion, a critical review of this court's decision reversing the sentence reduction, and an assorted number of requests and arguments involving where and how Seltzer should be confined if, in fact, he was re-confined. All of this was accomplished under the guise of it not being clear for what purpose the case was remanded. The district judge ultimately concluded that Seltzer should be ordered to serve the rest of his sentence.[1]
 
 
 4
 Although defendant may find the earlier panel's decision unclear, we have no trouble interpreting it. At least within the confines of the case that was before this court, it was the intention to have the defendant returned to custody forthwith. That having been said, we find it unnecessary to address any of the other arguments and contentions made by Seltzer on appeal because they are all predicated on a self-serving and incorrect interpretation of our earlier ruling.
 
 
 5
 AFFIRMED.
 
 
 
 *
 Honorable Thomas G. Hull, United States District Court, Eastern District of Tennessee, sitting by designation
 
 
 [1]
 The district court granted a stay of its order, however, and admitted the defendant to bail. The government appealed, and on April 14, 1984, another panel of this court ordered bail revoked and further ordered that the instant appeal be expedited. Seltzer then filed a habeas petition in the Middle District of Pennsylvania, and the district judge granted Seltzer's motion for a stay